# CASES

IN THE

# SUPREME JUDICIAL COURT,

FOR THE

COUNTY OF KENNEBEC, JUNE TERM, 1834.

---

## GREEN vs. THOMAS.

A deed, whereby one conveyed to another, a farm, " in consideration of a good and sufficient maintenance being well and truly furnished for S. G. and H. B. during their natural lives," by the grantee, contained these provisions: — " If the said (grantee) shall fail to furnish a good and sufficient maintenance to the said S. G. and H. B. as aforesaid, then this instrument is to be of no effect," — "and under the conditions aforesaid, said (grantee) is to come into immediate possession of the premises." *Held*, that the fee, and right to immediate possession of the land, passed to the grantee subject to be defeated by a non-performance of the conditions which were *subsequent*.

Whether a condition in a deed is *precedent* or *subsequent*, must be determined by the intention of the parties; and not upon technical terms, or upon the collocation of the words used.

In this State *a consideration* is not necessary to the validity of a deed of conveyance, as between the parties.

THIS was a writ of entry, in which the plaintiff claimed the demanded premises as heir of *Joseph Kelley*, whose daughter and heir it was agreed she was. The case was submitted for the opinion of the Court upon the following agreed statement of facts.

Said *Kelley* was seised of the premises, and died seised thereof, unless the tenant became seised by virtue of *Kelley's* deed to him, the material parts of which were as follows, *viz*: " Know all men by these Presents, that I, *Joseph Kelley* of *Waterville*, &c., in consideration of a good and sufficient maintenance being well and truly furnished for *Sally Green* [a daughter] and *Hannah Butterfield* [a stranger] both of said *Waterville*, single wo-

men, during their and each of their natural lives, by *George Thomas*, of said *Waterville*, do hereby give, grant, sell and convey unto the said *George Thomas*, his heirs and assigns forever, *after the said maintenance shall be furnished*, and after the deaths of the said *Sally Green* and *Hannah Butterfield*, a certain lot of land situate," &c. (the demanded premises.) "But if the said *Thomas* shall fail to furnish a good and sufficient maintenance to said *Sally Green* and *Hannah Butterfield* during their and each of their natural lives as aforesaid, this instrument is to be of no effect, otherwise to be and abide in full force — and *under the conditions aforesaid, the said Thomas is to come into immediate possession* of the premises — to have and to hold the aforegranted premises to the said *George Thomas*, his heirs and assigns.'' Then followed the usual covenants in a warranty deed. The deed was dated *June*, 1830. The tenant entered under his deed, and has retained the possession ever since.

If the Court should be of opinion that nothing passed by *Kelley's* deed to the tenant, and that he was not legally entitled to the possession of the premises under it, then the tenant was to be defaulted — otherwise, the plaintiff was to become nonsuit.

*Boutelle*, for the demandant, contended that the deed could not operate as a deed of bargain and sale, because there was no pecuniary consideration. *Jackson* v. *Carpenter*, 16 *Johns.* 515; *Jackson* v. *Florence*, 16 *Johns.* 47.

The heir at law can only enter for non-performance of the conditions — and *Hannah Butterfield*, not being an heir, the grantor's intentions in regard to her might be defeated.

Again, if it be construed to be a deed of bargain and sale, as was perhaps intended by the grantor, it cannot pass a fee *in futuro*. *Wallis* v. *Wallis*, 4 *Mass.* 135; *Welch* v. *Foster & al.*, 12 *Mass.* 93; *Parker* v. *Nichols*, 7 *Pick.* 111.

It cannot be construed to be a covenant to stand seised to uses, there being no consideration of blood or marriage. *Rowe* v. *Tranmer*, 2 *Wil.* 75; 3 *Cruise's Dig.* 107.

But if the deed be valid and effectual, the tenant is not entitled to possession till after the death of *Sally Green* and *H. Butterfield*. Such must be construed to be the intention of the testator. Where there are two clauses in a deed repugnant to each other, the latter is to be rejected. 2 *Blk. Com.* 380.

*Wells*, for the tenant, cited *Howard* v. *Turner*, 6 *Greenl.* 106; *Frost* v. *Butler*, 7 *Greenl.* 225; 2 *Cruise's Dig.* 23; *Emery* v. *Chase*, 5 *Greenl.* 232; *Fairbanks* v. *Williamson*, 7 *Greenl.* 96; 2 *Cruise's Dig.* 49.

The opinion of the Court was delivered in *Cumberland*, at the term holden by adjournment in *August* ensuing, by

WESTON J. — The deed, upon the construction of which the rights of the parties depend, is very inartificially drawn; but taken altogether, we think it may be deduced as the intention of the parties, that the fee of the land should pass to the grantee, subject to be defeated, if the conditions were not performed, which we must regard as subsequent, and not precedent. Whether a condition is precedent or subsequent, must be determined by the intention of the parties; and not upon technical terms, or upon the collocation of the words used. 3 *Com. Dig.* 88; *Hotham* v. *The E. I. Comp.* 1 *T. R.* 638; *Worseley* v. *Wood*, 6 *T. R.* 710; *Howard* v. *Turner*, 6 *Greenl.* 106. The stipulation, that the grantee should come into immediate possession, seems to have been introduced for the express purpose of avoiding the construction, that he was to have nothing, until the conditions were performed. He was to have immediate possession, upon the conditions expressed.

It has been urged, that as the heir at law only could enter for condition broken, the object of the grantor in providing for the maintenance of *Hannah Butterfield*, a stranger, might be defeated; she having no legal remedy. It is plain that he did not intend that the grantee should have the land, unless he fulfilled the conditions; and he has in that case made no limitation over in favor of *Hannah Butterfield*. If the conditions should be construed to be precedent, it would be at the option of the grantee, whether he would perform them or not. If subsequent, and it is for the interest of the grantee to hold the land, which may be presumed, he can be secure of the estate only by affording the maintenance. Whether, if the land should be reclaimed by the heir at law for condition broken, she may not hold it subject to the support of *Hannah Butterfield*, regarding the deed in question as a declaration of trust to this effect, we are not called upon to decide.

But if the deed was intended to convey the land upon a condition subsequent, it is urged that it is without sufficient consideration. This intent is a lawful one, and is to be carried into effect, if it can be done, without violating the rules of law. Courts have been liberal in sustaining conveyances, where the intent can be discovered ; and *Lord Hobart* recommends that they should be subtle, *astuti*, in effecting this object. *Clanrichard et ux.* v. *Sidney, Hobart,* 277, *b*. In *Jackson* v. *Florence,* 16 *Johns.* 47, a deed, much like the one before us, was defeated for want of consideration ; the grantee not having bound himself, by deed or otherwise, to furnish the maintenance. The Court held, that if the deed operated at all, it must be as a bargain and sale, and that it wanted the consideration necessary in that species of conveyance. The deed in question also wants the consideration of blood or marriage, peculiar to covenants to stand seised. For whatever may be found having a different bearing, we are satisfied that such consideration will alone sustain a covenant to stand seised. In *Jackson* v. *Sebring,* 16 *Johns.* 515, *Chancellor Kent,* after an elaborate review of the cases, maintains this opinion, which was adopted by the Court.

At common law there could be no feoffment, without livery of seizin ; hence in *England,* and doubtless also in *New-York,* deeds not accompanied with this ceremony, can never be regarded as feoffments. It is otherwise in *Massachusetts* and in *Maine.* In both States, it is provided by statute, that all deeds or other conveyances of land, signed and sealed by the grantor, having good and lawful right or authority thereunto, shall be valid to pass the same, without any other act or ceremony in the law whatsoever. And it has accordingly been holden, both in *Massachusetts* and in this State, that a deed may have the effect of a feoffment, if necessary to uphold the lawful intention of the parties. *Marshall* v. *Fisk,* 6 *Mass.* 24 ; *Emery* v. *Chase,* 5 *Greenl.* 232.

Without being satisfied that there is no consideration for this deed, according to the case of *Jackson* v. *Florence,* it may be stated that our statute has not made a consideration essential to the conveyance of lands. If purely voluntary, it is good between the parties ; although liable to be defeated in favor of creditors. At common law a feoffment was valid without any consideration,

or if any was implied, it was the feudal duty or service resulting to the immediate grantor. That was an executory consideration, arising from tenure. Here was also an executory consideration, which the grantee was bound to perform, if he held the land. Since the statute of *quia emptores*, 18 *Edw.* 1, which put an end to subinfeudations, no feudal duty is implied to the immediate feoffer. Hence an opinion has prevailed, that a consideration has since become necessary to the validity of a feoffment. If so, here is one at least equivalent to that implied before the statute. In *Jackson* v. *Alexander*, 3 *Johns.* 478, *Kent*, *C. J.*, says, " the general and the better opinion is, that the notion of a consideration first came from the Court of Equity, where it was held necessary to create a use, and when conveyances to uses were introduced, the courts of law adopted the same idea, and held that a consideration was requisite in a deed of bargain and sale." *Plowden* resisted even this in *Sharington* v. *Stroffer*, 1 *Plowden*, 308, and he was sustained by *Sir Francis Bacon*, and other great names ; and in the case last cited from *Johnson*, the Chief Justice thinks his was the better opinion ; but he admits that it has been long settled, according to the chancery rule, that a consideration expressed or proved, was necessary to give effect to a deed of bargain and sale ; although there it has become merely formal, a pepper corn being sufficient to raise a use. In regard to feoffments, it is quite apparent, from the course of his reasoning, that in his judgment, no consideration was necessary to sustain them.

It appears to us that there is no legal objection to the operation of the deed under our statute, giving it the effect of a feoffment ; and we therefore hold, that it did operate to pass a title to the tenant, subject to be defeated by a breach of the conditions mentioned therein.