ISAIAH POE *et al.*, Appellants, *v.* ANTOINE DOMEC *et al.*,
Respondents.

48  441
112  618

1. *Practice, civil — Pleading — Petition—Description of a deed in—Execution — Consideration — Demurrer.*— A petition may describe a deed simply as a "conveyance," and under the statute its execution will be sufficiently implied from that term; and although it fails to allege a consideration of any sort, and fails to aver that the deed was one of gift, yet it will not be for that reason bad on demurrer as not stating a cause of action. The petition would be informal, and might be corrected on motion to make it more definite and certain. But defendant, having waived the informality and gone to trial upon answer, could not afterward say that it set up a void conveyance. And the allegation will be held sufficient to let in evidence and sustain a judgment.

*Appeal from Cape Girardeau Circuit Court.*

*Lewis Brown*, for appellants.

I. A petition need not be more explicit than the statute. The statute says : "Conveyances of land, or any interests therein, may be made by deed," and, when speaking of a transfer of title, designates it as a deed. (Gen. Stat. 1865, p. 444 ; Wright v. Christy, 39 Mo. 125.) The language used by the pleader concerning the conveyance or deed is as follows : "This defendant, Isaiah Poe, made and delivered to the said William H. à conveyance of the fee simple of said realty by covenants of general warranty." This is certainly definite enough. (See 3 Danl. Ch. Pr. 2073 ; 1 Danl. Pr. 368–73.) And the text states that the instrument need not be critically stated, except when the difficulty lies in its construction. (Steph. Pl. 311 ; 1 Chit., 9th Am. ed., 305 ; Sto. Eq., 7th ed., §§ 252–5 ; see also Jones v. Louderman, 39 Mo. 290 ; Loler v. Cool, 37 Mo. 86.)

If a party covenanted to make a conveyance of the fee simple by covenants of general warranty, would he not be held to make a deed such as is designated by the statutes under the term "Conveyance?" (Smith v. Hayes, 9 Greenl. 128; Brown v. Ganon, 14 Mo. 276 ; Lawrence v. Dole, 11 Verm. 276 ; Tinney v. Ashley, 15 Pick. 546 ; Tremaine v. Liming, Wright, 644 ; Busby v. Smith, 15 Mo. 391 ; Chauvin v. Wagner, 18 Mo. 551–3.) General words are sufficient, says Coke, where the

certainty lies within the knowledge of the defendant. So, if the words ascertain the lands which are demanded, it is sufficient to plead a conveyance of them *inter alia.* (Coke, tit. Pleader, ch. 26 ; see also Ludwich, 1007.) It has been frequently held, and our statute contemplates, that it is only those defects that are incurable that the defendant can take advantage of at the trial. (Loler v. Cool, *supra ;* Jones v. Louderman, *supra* ; Burnham v. DeBevorse, 8 How. Pr. 159 ; Lawrence v. Wright, 2 Duer, 673 ; St. John v. Northrup, 23 Barb. 30 ; Coates v. Galena, 18 Iowa, 277.)

II. If the objection was substantial, it was apparent on the face of the petition. Hence he should have demurred ; and failing to do so, the right was waived and they should have met the issue.

*Davis & Sanford,* for respondents.

BLISS, Judge, delivered the opinion of the court.

The plaintiffs file their petition to set aside certain deeds for fraud, and to declare title in themselves, claiming that their ancestor had received a deed, which was not recorded, and died ; that his father, the grantor in the deed, was appointed his administrator, failed to inventory the property, destroyed the deed, and conveyed the land to others. Upon the trial defendants objected to the introduction of evidence by the plaintiffs, upon the ground that the petition did not state facts sufficient to constitute a cause of action, and specifically object to it because it did not set out the deed alleged to have been destroyed with sufficient particularity. The petition charges that "this defendant, Isaiah Poe, made and delivered to said William H. a conveyance of the fee simple of said realty by covenants of general warranty." The parties and the land had been before sufficiently described, but the record says that the petition was objected to because it "does not state whether the deed was or was not executed as the law directs—alleges no consideration therefor." As to the execution of the deed, it is implied in the description of the instrument as a conveyance, which is a statutory word, and to go into details would be useless prolixity. But the more important question

arises whether the pleader, in order to describe a valid instrument, should not have set forth its consideration, or at least averred that it was made and delivered for a good or for a valuable consideration. And this compels us to note the difference between a deed of bargain and sale and a common-law enfeoffment. To sustain the former some money or valuable consideration, though ever so small, was essential. Before the Statute of Uses, it was treated rather as a contract for land than as a transfer of title, and the bargainor held the title for the use of the bargainee. The Statute of Uses vests in the *cestui que use* all such titles, and though the effect of such an instrument has, when possession passes, become the same as a common-law conveyance, yet a consideration is still generally considered as necessary; and if necessary, it must be set out in any pleading that counts upon it. An enfeoffment, on the other hand, was primarily a gift, the consideration was feudal service, and it was always accompanied by formal delivery of possession. No consideration was necessary except the expected service, and a writing even was not essential at common law, although a deed or charter of feoffment was usual, in which the apt words were "give and grant." (Shep. Touch. ch. 9.) But the distinction between the two kinds of conveyances is practically abolished with us. The word "grant," as well as "bargain and sell," is usually employed in a deed, and the statute provides that conveyances may be made by deed executed, etc., without any other act or ceremony whatever. Judge McGirk, in Perry v. Price, 1 Mo. 553, treats the registration as a substitute for livery of seizin; but whether the deed be registered or not, as between the parties it operates as a constructive delivery of possession, and the grantee is seized unless there is adverse possession.

An ordinary conveyance, under our statute, is a feoffment as well as bargain and sale, and a pecuniary consideration is not essential to its validity. (3 Washb. Real Prop., 3d ed., 320.) It may be a gift, and still the title will pass; hence we cannot say that a petition fails to state facts sufficient to constitute a cause of action if it does not give the consideration of a deed

counted on, for there may have been none. I consider the petition informal, but the objection comes too late. It should have alleged the consideration, or that it was given for a valuable consideration, or that it was a deed of gift; and if the defendants were interested in that question, the defect could have been corrected upon motion to make the pleading more specific. But having waived the informality and gone to trial upon answer, the defendants could not say that it set-up a void conveyance; for, as we have seen, it might have been a good one, though given without any consideration.

I say nothing of the form of the deed, for it does not appear; nor of the effect of a deed of gift upon the rights of creditors, for they are not objecting; but only that, upon answer denying the existence of the instrument, the allegation is sufficient to let in evidence and sustain a judgment.

The other judges concurring, the judgment will be reversed and the cause remanded.