[No. 12364.    Department One. — April 19, 1888.]

# W. W. BRISON, APPELLANT, v. CARRIE M. BRISON, RESPONDENT.

STATUTE OF FRAUDS — CONSTRUCTIVE TRUST. — In cases of constructive trusts, — that is to say, trusts arising from either actual or constructive fraud, — the statute of frauds is not a bar to relief.

ID. — ACTUAL FRAUD. — Where, by means of a parol promise made without any intention of performing it, a party obtains an absolute deed, without consideration, it is a case of actual fraud.

CONSTRUCTIVE FRAUD. — If, by means of a parol promise to reconvey, a party obtains an absolute deed, without consideration, from one to whom he stands in a confidential relation, the violation of the promise is constructive fraud, although at the time it was made there was no intention not to perform.

ID. — CONFIDENTIAL RELATION — HUSBAND AND WIFE. — Under the Civil Code the relation of husband and wife is confidential within the meaning of the above rule.

RECITAL OF A CONSIDERATION. — The recital of a consideration in a deed absolute in form does not prevent actual or constructive fraud from being shown.

PAROL EVIDENCE. — In such cases parol evidence of the facts constituting actual or constructive fraud is admissible to raise a constructive trust.

APPEAL from a judgment of the Superior Court of Sacramento County.

The facts are stated in the opinion.

*A. P. Catlin*, and *Add. C. Hinkson*, for Appellant.

*W. H. Beatty*, and *A. L. Hart*, for Respondent.

HAYNE, C. — This a suit to have a trust declared as to real property and for a conveyance. The complaint shows substantially the following facts: —

The plaintiff and the defendant were husband and wife. The plaintiff was the owner of the property in controversy, upon which there was a mortgage. In order to raise money to pay off the mortgage, the plaintiff determined to go to Arizona and engage in business there, and was desirous of making a will before his de-

parture, so that the property should go to his wife. But being influenced by the wish to save her the expense of probate proceedings in case of his death, and having confidence in her, and relying on her parol promise that she would reconvey to him upon his request, he made a deed to her, absolute in form, and took no written acknowledgment from her. The deed recited that it was made in consideration of love and affection and of the sum of one dollar, the receipt of which was acknowledged. But it is averred that "though said deed recites a consideration, yet in truth and in fact there was no consideration therefor, and no money was paid or intended to be paid as a consideration for said deed." It is also averred that the promise by which plaintiff was induced to make the deed was in bad faith and false, and "made with intent on her part to deceive, and did deceive, the plaintiff."

The defendant having refused to reconvey the property, the plaintiff brought this suit to compel a reconveyance. The court below gave final judgment for the defendant upon demurrer, and the plaintiff appeals.

The argument for the respondent is based upon the statute of frauds, and upon the rule that a writing shall not be contradicted or added to by parol evidence.

The statute of frauds expressly provides that a contract to convey land shall be void unless in writing (Civ. Code, sec. 1624, subd. 4), and that no trust in real property shall be valid unless created by writing or by operation of law. (Civ. Code, sec. 852.) Under these provisions there can be no doubt but that the defendant's promise to convey was invalid, and could not be enforced as such. It is to be observed, however, that the statute excepts from its operations such trusts as arise "by operation of law." Substantially the same exception is in the English statute of frauds and in the statutes of most of the United States. And the universal construction given to it is that it excepts from the operation of

the statute, among other things, trusts which arise from fraud, actual or constructive,—or, as they are termed, constructive trusts. It is no longer worth while for any counsel to argue against this construction of the statute. The only point which is open to debate in cases of this character is, whether the facts show such a case of fraud as falls within the exception. Such fraud may be either actual or constructive, and in our opinion both exist in the case before us.

1. We think there was actual fraud. As above stated, the complaint shows that the parol promise upon which plaintiff relied was false and "in bad faith," and "made with intent to deceive." The construction which we think must be given to this averment is, that the promise was made without any intention of performing it. This is a well-recognized species of fraud. (See Bigelow on Fraud, ed. 1888, pp. 483, 484; *Sandfoss* v. *Jones*, 35 Cal. 481, 482.) ·And the Civil Code expressly provides that " *actual* fraud . . . . consists in any of the following acts committed by a party to the contract, or with his connivance, with intent to deceive another party thereto, or to induce him to enter into the contract: . . . . *A promise made without any intention of performing it.*" (Civ. Code, sec. 1572.) Now, inasmuch as it is admitted by the demurrer that the promise was made without any intention of performing it, we think the case falls directly within the provision. An instance of the application of the principle to facts similar to those of the case before us is *Newell* v. *Newell*, 14 Kan. 202.

It is to be observed of this ground that the essence of the fraud is the existence of an intent at the time of the promise not to perform it. But for such intent there would be no actual fraud. For it is well settled that the mere failure to fulfill a promise is not fraud. (*Perry* v. *McHenry*, 13 Ill. 236; *Wheeler* v. *Reynolds*, 66 N. Y. 234; *Levy* v. *Brush*, 45 N. Y. 589; *Burden* v. *Sheridan*, 36 Iowa, 125; 14 Am. Rep. 505; *Cowan* v. *Wheeler*, 25 Me. 267;

43 Am. Dec. 283; *Boyd* v. *Stone*, 11 Mass. 348.) But if the evil intent existed, there was actual fraud, and so far as this ground is concerned, it is immaterial whether there was a confidential relation or not. (*Christy* v. *Sill*, 95 Pa. St. 387.)

If actual fraud existed, the statute of frauds is no defense. And it does not need any citation of authorities to prove that in cases of such fraud. the rule as to contradicting or adding to a writing by parol evidence has no application.

2. But if the intent not to perform, above referred to, had not been averred, we think the plaintiff is nevertheless entitled to relief upon the other facts alleged, on the ground of the confidential relation existing between the parties.

It is not every case where parties trust each other that the law recognizes as confidential. (*Doyle* v. *Murphy*, 22 Ill. 508; 74 Am. Dec. 165; *Steele* ·v. *Clarke*, 77 Ill. 474; *Weer* v. *Gand*, 88 Ill. 493, 494.) But the relation of husband and wife is expressly declared by statute to be of that character. The provision of the Civil Code is as follows:—

"Sec. 158. Either husband or wife may enter into any engagement or transaction with the other, or with any other person, respecting property, which either might if unmarried; *subject, in transactions between themselves, to the general rules which control the actions of persons occupying confidential relations with each other, as defined by the title on trusts.*"

It is not surprising that in taking away the wife's common-law incapacity to contract, the legislature should have thought it prudent to throw around her the safeguards which arise from the trust relation. Possibly at first view it might seem strange that it should have been thought necessary to accord the same protection to the husband. Perhaps this is to be regarded as an acknowledgment of woman's position in modern society. But.

at any rate, the provision is in positive and direct language, and where such is the case, the courts are not at liberty to disregard it.

Nor is it necessary to consider what would be the rule in cases where it appears that there was in fact no actual confidence between the parties,—that is to say, where the wife is living in independence of or in hostility to the husband. (See *Falk* v. *Turner*, 101 Mass. 496.) For it is averred that the plaintiff " had at all times confidence in his said wife and her devotion and fidelity to him," and that he made the deed " having confidence in his said wife, and in her said representation and promises, and relying upon the same."

The relation of the parties to each other, therefore, was confidential in fact as well as in law. The plaintiff was induced to make the deed by the confidence which he had in his wife, and the belief thereby engendered that she would perform her promise. But for that he would not have made it.

The betrayal of such confidence is constructively fraudulent, and gives rise to a constructive trust. This is independent of any element of actual fraud. (1 Story's Eq. Jur., sec. 258, 307.) The law, from considerations of public policy, presumes such transactions to have been induced by undue influence. (Civ. Code, sec. 2235; Bigelow on Fraud, ed. 1888, pp. 261, 262; Kerr on Fraud and Mistake, Bump's Am. ed., p. 151; Hovenden on Fraud, p. 18.) The extent and variety of the application of this principle to persons in confidential relations with each other may be seen from the notes to the leading case of *Huguenin* v. *Basely*, 2 Lead. Cas. Eq., pt. 2, p. 1156. From the cases there cited, it will abundantly appear that while it is not impossible that a gift between persons in such relations may be valid, yet that all such transactions are constructively fraudulent, and are only to be upheld upon a showing of special circumstances. (See also *Hatch* v. *Hatch*, 9 Ves. 296.)

Now if this be so,—if the law does not permit such transactions to stand even where there was an intention that the donee should have the property,—how much more should it interpose where, as here, there was no such intention, but only an intention that she should retain the semblance of ownership for a time.

We think the authorities fully bear out the assertion that in such cases a constructive trust arises, and that the statute of frauds has no application.

In *Wood* v. *Rabe*, 96 N. Y. 426, 48 Am. Rep. 640, a son was induced by the parol promise of his mother to confess a judgment in her favor, and allow her to purchase under it a piece of his real property. It was held that a constructive trust arose; and the court, per Andrews, J., said: "It was on the part of the son the case of a confidence induced, not by the bare promise of another, but by the promise and the confidential relations conjoined. The confidence, in fact, has its spring and origin in the relation, and that relation was a controlling ingredient moving his action. It would be a gross wrong to permit that confidence to be betrayed, and we are of opinion that the statute of frauds cannot be invoked as a bar to relief. The principle that when one uses a confidential relation to acquire an advantage which he ought not in equity and good conscience to retain, the court will convert him into a trustee, and compel him to restore what he has unjustly acquired, or seeks unjustly to retain, has frequently been applied to transactions within the statute of frauds."

So where a devise is made to one, upon his parol promise to hold it in trust for another, a trust arises, and the statute of frauds is not allowed as a defense. (*Church* v. *Ruland*, 64 Pa. St. 442; *Barrell* v. *Henrick*, 42 Ala. 71, 72; *Hoge* v. *Hoge*, 1 Watts, 163; 26 Am. Dec. 52.) So it has been held (although there is some conflict in the authorities) that where one is allowed to purchase at an execution sale upon his parol promise to hold for the

judgment debtor, a trust arises.  (*Wolford* v. *Herrington*, 94 Pa. St. 311; *Arnold* v. *Cord*, 16 Ind. 177.)

But the case which we think is most directly in point is *Young* v. *Peach*, 2 Atk. 254.  There a father obtained from his daughter without consideration a conveyance of real property, upon his parol promise to hold it for a particular purpose, viz., "as a trustee only for her and her heirs, . . . . and that he would not claim or insist upon any benefit or advantage thereof." . No actual fraud was shown.  The father died bankrupt; and on a bill against the assignees, it was decreed that the conveyance should be set aside, not upon the ground of an implied or resulting trust, but upon the ground of constructive fraud, which would now be said to give rise to a constructive trust.  Lord Hardwicke said: "There have been a great many cases even since the statute of frauds where a person has obtained an absolute conveyance from another, in order to answer one particular purpose, but has afterwards made use of it for another, that this court has relieved under the head of fraud; for a practice of this sort is a deceit and fraud which this court ought to relieve against; the doing it is *dolus malus*, and that appears to be the present case."  (See also *Haigh* v. *Kaye*, L. R. 7 Ch. App. Cas. 469.)

The principle of this case was extended in *Murray* v. *Dake*, 46 Cal. 648, 649, to a transaction between parties who did not stand in confidential relations to each other. Whether that was a proper extension of the principle need not be considered here.

It must be admitted that there are cases in which the relief has been denied.  But it will generally be found that in such cases the confidential relation has been overlooked.  And we think the cases we have cited are in accordance with sound principle.  For if the relief cannot be granted in this case, we do not see how it could be granted if an attorney should, by his parol promise, induce his client to put the property in his

name for some temporary purpose, and then refuse to reconvey on the ground of the absence of a written acknowledgment; and so of principal and agent, parent and child, trustee and *cestui que trust,* etc.

It is to be observed that the trust is not a resulting trust, properly so called. The relief is not granted merely on the ground of want of consideration. The fact that a deed is without consideration, or is, as is sometimes said, voluntary, is not of itself sufficient to avoid the deed. (*Viney* v. *Abbott,* 109 Mass. 300; *Jackson* v. *Garnsey,* 16 Johns. 139; *Green* v. *Thomas,* 11 Me. 321; *Laborce* v. *Carleton,* 53 Me. 212; *Poe* v. *Domec,* 48 Mo. 443.) This is at least one of the things designed to be expressed by section 1040 of the Civil Code, which provides that "a voluntary transfer is an executed contract, subject to all the rules of law concerning contracts in general, except that a consideration is not necessary to its validity." The want of consideration, however, is a fact proper to be proved in connection with and as a part of the constructive fraud. (*Shotwell* v. *Shotwell,* 24 N. J. Eq. 385.)

Nor does the recital of a consideration stand in the way of the relief. As is well known, it was a settled rule of the early law that if no consideration was expressed or proved a use resulted to the grantor. To prevent this, it became common to make the deed recite a consideration. And while such recital could be contradicted for collateral purposes, it could not be contradicted for the purpose of avoiding the deed (*Farrington* v. *Barr,* 36 N. H. 89; *Coles* v. *Soulsby,* 21 Cal. 47; *Rhine* v. *Ellen,* 36 Cal. 369; *Martin* v. *Splivalo,* 69 Cal. 614); or for the purpose of raising a resulting trust (*Russ* v. *Mebius,* 16 Cal. 356; *Graves* v. *Graves,* 29 N. H. 129; *Philbrooke* v. *Deland,* 16 Me. 412, 413). But this only means that the recital could not be contradicted for the mere purpose of showing a want of consideration. Where fraud is charged, the want of consideration may be shown in connection

with and as part of the fraud. In cases like the present, the confidential relation is one circumstance, the parol promise is another, and the want of consideration is a third. In cases of fraud, actual or constructive, no mere form of words which the parties have made use of can shut out inquiry as to the real facts. And this from the necessity of the case. For, as has been pertinently asked, if parol evidence be not admissible, how else can the fraud be shown?

The objection that parol evidence is not admissible to contradict or to add to the deed is a distinct ground from the statute of frauds. (1 Story's Eq. Jur., sec. 158.) The admissibility of such evidence is sometimes put upon the ground that it does not contradict or add to the deed. Thus in *Hall* v. *Livingston*, 3 Del. Ch. 373, the chancellor said in reference to this subject: "There is a well-recognized distinction between contradicting a deed or impairing its legal operation, and raising out of the transaction an equity *dehors* the deed, binding the grantee's conscience to hold the land for the real purposes of the conveyance, and not according to its legal operation, when the latter use of it would, under the circumstances, work fraud. Such an equity is held to be independent of the deed, and not excluded by it as a mere conveyance of the legal estate, unless there be in it some terms or implication to that effect. To support such an equity, parol evidence is admissible, not as contradicting the deed, but as explanatory of the transactions out of which the equity arises."

Perhaps the most comprehensive and philosophical expression of the rule is, that parol evidence is admissible to raise a trust in cases of actual or constructive fraud. But whatever may be thought of the terms in which it is expressed, the rule itself is well settled. (2 Wharton on Evidence, sec. 1038; Bigelow on Fraud, ed. 1888, c. 10, sec. 8; *Reeves* v. *Bass*, 39 Tex. 631; *Church* v. *Ruland*, 64 Pa. St. 442; *Isenhoot* v. *Chamberlain*, 59 Cal. 637.)

If we are right in the foregoing, the point as to the necessity of an acknowledgment by the wife before a notary does not require serious consideration. The statute has no relation to trusts raised by parol evidence.

We therefore advise that the judgment be reversed, with directions to overrule the demurrer to the complaint, with leave to defendant to answer.

BELCHER, C. C., and FOOTE, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment is reversed, with directions to overrule the demurrer to the complaint, with leave to defendant to answer.

Hearing in Bank denied.