[Civ. No. 11677.   First Dist., Div. Two.—May 7, 1941.]

GRACE MAIER, Respondent, v. ALBERT HORNLEIN, Defendant; MRS. MILLIE BOYLE et al., as Executors, etc., Appellants.

Fred B. Hart for Appellants.

A. D. Schaffer for Respondent.

STURTEVANT, J.—In an action for partition the trial court made findings in favor of the plaintiff and entered an interlocutory decree. From that decree the defendants have appealed and have brought up a typewritten record.

The defendants have so many grievances that they depart from all rules of briefing and present what they claim to be groups 1 to 10 of alleged errors. They argue most earnestly. To understand fully we have read the entire record. We find not a particle of error therein.

Prior to January 5, 1920, Julia Hornlein was a widow and had children. Albert Hornlein was a widower and also had children. On the date last mentioned they married. At the date of their marriage the wife had no separate property but the husband had accumulated some property, real, personal, and mixed. He owned one or more pieces of real estate and was proprietor of a gambling house located at Sixth and Mission Streets in San Francisco. It was known as a club and, from the business conducted, there was evidence his income was as much as $3,000 a month.

The First Bank of Savings of Fort Bragg was the owner of a lot and building near the corner of Telegraph Avenue and 43rd Street in the city of Oakland. The building consisted of stores on the ground floor and several flats above. After certain negotiations the bank, by a grant, bargain and sale deed, conveyed said property to Albert Hornlein and Julia Hornlein, his wife. That deed has never been reformed in any respect whatsoever. The deed recited a consideration of $10, but the evidence shows the actual consideration was $15,000. Albert Hornlein paid down $10,000 and the property was mortgaged for $5,000 which was subsequently paid by the husband out of his separate property. From the time the Hornleins took title they followed the system of collecting the rents, paying taxes, insurance, and repairs, out of those sums and thereafter dividing the balance equally between them.

The evidence discloses they were never happily married and, as they grew older, quarrels ensued. In September, 1935, they separated. Later Mrs. Hornlein filed an action in separate maintenance. The husband appeared, filed a cross-complaint, and asked for a divorce. Such proceedings were had that a property settlement was made between the spouses and an interlocutory decree of divorce was awarded the husband. Based on that decree, at a later date, a final decree of divorce was entered. The interlocutory decree recited the execution and approval of the property settlement made by the parties. The final decree approved such provisions of the interlocutory decree. Said decrees have never been appealed from and are final.

After the separation of the Hornleins in September, 1935, the wife went to live with her daughter, the plaintiff in the above-entitled action. On the 2d day of March, 1936, she executed a deed conveying her one-half interest in the above mentioned real estate. The consideration mentioned was a gift. The deed was made the 2d of March, 1936. On the same date it was acknowledged, delivered to the grantee, and was by her held until after her mother's death. Mrs. Hornlein died March 19, 1937. Six days later the plaintiff filed the deed for record. The system of making collections and payments hereinabove recited was continued by Mr. and Mrs. Hornlein, or their representatives, down to the date this action was commenced.

On or about the 4th day of February, 1938, the plaintiff filed her complaint in partition. It appears to be sufficient in every respect. On March 14, 1938, Albert Hornlein filed an answer and cross-complaint. In the first paragraph he stated that the plaintiff's complaint did not state facts sufficient. At no place in the record does he attempt to show in what respect it was insufficient. He also interposed denials in which he denied that the plaintiff was the owner in fee simple as tenant in common with him, denied that she had any right, title or interest in the property, and denied that she had an estate of inheritance to the extent of an undivided one-half interest in fee simple or otherwise. Continuing he set forth a count to quiet title. Then, by way of cross-complaint, he set forth (1) a count purporting to allege that the deed to the plaintiff was made by her mother when incompetent; (2) a count alleging that the conveyance to Julia Horn-

lein was made on the promise of conditions subsequent and that the grantee had wholly failed to perform them; and (3) a count that the deed to Albert Hornlein and Julia Hornlein was made in consideration of certain promises of Julia, that said promises were made without any intention of performing them, and that such conveyance was therefore a fraud on him. The plaintiff filed an answer in which she denied nearly all of the affirmative allegations in the cross-complaint and set forth many affirmative allegations. The trial court, with meticulous care, made specific findings in favor of the plaintiff and against the defendant Albert Hornlein on the issues presented by the pleadings. On some of the issues there was a conflict in the evidence, but we find no single finding of which it may be said that it was not supported by the evidence, nor did the court fail to find on any material issue.

Both in their first point and their last point the defendants assume the deed to Albert and Julia Hornlein conveyed to the latter only a life estate and therefore the plaintiff has no interest sufficient on which to base this action. The vice in that contention is that the defendants' assumption is in direct conflict with numerous findings made by the trial court. Those findings were clearly to the point that the said deed conveyed to Julia Hornlein an undivided one-half interest in the property and that she conveyed such interest to this plaintiff and that this plaintiff is a tenant in common with the defendants.

In their next point the defendants contend that because a gift was made by the defendant Albert Hornlein to Julia Hornlein the case presents a question of constructive fraud. (*Brison* v. *Brison,* 75 Cal. 525 [17 Pac. 689, 7 Am. St. Rep. 189].) That case was a ruling on demurrer. In the instant case all questions regarding fraud were presented to the trial court, it received all the evidence of both parties, and made findings against the defendant Albert Hornlein. All of the facts being considered, this court is not at all inclined to question any of those findings. (*Tillaux* v. *Tillaux,* 115 Cal. 663 [47 Pac. 691].)

In the next two points the defendants present the divorce case in all of its aspects, together with letters passing between counsel. The plaintiff based no claim on any title flowing from the decree in divorce. That whole subject-matter was brought forward by the defendants. We find no fact or

facts therein at all pertinent to the rights of either party in the instant case.

■ In their next point the defendants state Grace Maier is not a purchaser. That statement is in direct conflict with specific findings of the trial court and is in direct conflict with the evidence introduced at the trial. True it is that the deed to her recited that it was a gift, but the uncontradicted evidence is that it was made in consideration of the grantee's agreement to nurse and care and provide for the grantor during the remainder of her life and that such agreement was fully carried out.

In their next point the defendants assert that a deed to take effect on death, not executed with the formality of a will, passes no title. It is a sufficient comment on that statement to state there are no such facts contained in the record. The deed to this plaintiff was made, executed and delivered on March 2, 1936. No conditions whatever were attached thereto.

We find no error in the record. The judgment appealed from is affirmed.

Nourse, P. J., and Spence, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied June 30, 1941.