(115 N. W. 79.)

---

IDA M. CARDIFF v. SIDNEY J. MARQUIS, ET AL AND JESSIE E. MORRIS, SIDNEY J. MARQUIS v. IDA M. CARDIFF, ET AL, AND JESSIE E. MORRIS.

Opinion filed Feb. 1, 1908.

**Witness — Transactions With Decedent — Administrator a   Party.**

> 1. The fact that a witness is a proper party to an action in which the executor, administrator, or heirs at law of a deceased person are parties disqualifies such witness from testifying to transactions or statements made by such deceased person. The fact that such witness is a party defendant with the administrator, executor, or heirs does not render him competent as a witness in such cases.

**Same.**

> 2. The evidence of a witness who is a party in such cases is inadmissible to prove that letters were written and signed by the witness at the request and dictation of the deceased person, whose administrator is a party to the action.

**Same.**

3. The evidence of a witness who is a party to an action in which the administrator of a deceased person is also a party is not admissible to prove the contents of lost letters written or received by the witness to or from such deceased person.

**Express Trusts — Created by Writing Alone.**

4. An express trust in real estate cannot be created or declared except by a writing subscribed by the trustee.

**Equity — Enforcements of Trusts — Constructive Fraud.**

5. Where a conveyance of real estate is delivered by a daughter to her father under an oral contract that it is given in trust for the daughter, and such contract is proven by declarations of the father at the time the deed is delivered, and it is shown that the trust has not been carried out, a court of equity will enforce the trust, as the refusal to carry it out is a constructive fraud, based on the relations of confidence existing between the parties.

**Same.**

6. In such a case it is immaterial whether the fraud was intentional or not, or whether it existed when the conveyance was delivered.

**Same.**

7. In such a case courts of equity do not enforce the trust in violation of the statute of frauds, but relief is granted as based on the constructive fraud and the confidential relation.

Appeal from District Court, Dickey county; *Allen, J.*

Action by Ida M. Cardiff against Sidney J. Marquis and others.

Judgment for plaintiff, and defendant Jessie E. Morris appeals.

. Affirmed.

*E. E. Cassels* and *Bucklin & Bucklin,* for appellant.

No resulting trust arisies from an instrument of conveyance and reciting a consideration. 2 Pomeroy's Equity Jurisprudence paragraphs 1031, 1033 and 1035. 27 Am. & Eng. Enc. Law 52; Gee v. Thwaikill, 45 Kan. 173; Moran v. Somes, 154 Mass. 200;

Trust must arise at time of conveyance. Dick v. Dick 172 Ill. 578; Reed v. Reed, 135 Ill. 482; Koster v. Koster, 149 Ill. 195.

Where there is an express trust there can be no resulting or implied one. Kingsbury v. Burnside, 58 Ill. 310; Stevenson v. Crapnell, 114 Ill. 19: Mayfield v. Forsyth, 164 Ill. 32; Bispman's Prin.

of Equity(5th Ed.)par. 80, p. 136; Gibson v. Forte, 40 Miss. 792; Lowry v. McGee, 3 Head 274; Snyder v. Wolford, 33 Minn. 175; Farnham v. Clements, 31 Me. 426; Beers v. Beers, 22 Mich. 42; Hanson v. Berthelsen, 19 Neb. 433; Philbrook v. Delano, 29 Me. 410.

Parol evidence is inadmissable to establish an express trust. Dick v. Dick, supra; Goodwin v. Hubbard, 15 Mass. 218; Montgomery v. Craig, 128 Ind. 48; Feeney v. Howard, 12 Am. St. Rep. 162; Patton v. Beecher, 62 Ala. 579; Kelley v. Karsner, 72 Ala. 106; Dear v. Dear, 6 Conn. 284; Mescall v. Tully, 91 Ind. 96; Columbus, etc. Ry. v. Braden, 110 Ind. 558; Haine v. Robinson, 72 Iowa, 735.

*James M. Austin* and *Youker & Perry,* for respondents.   *W. S. Lauder,* of counsel.

An express trust may be created by several papers provided they are clearly connected, and indicate the nature of the trust.   Combs v. Brown,   29 N. J. Law 36; Augustus v. Graves, 9 Barb. 595; Kingsbury v. Burnside, 58 Ill. 310; Moore v. Pickett, 63 Ill. 158; Townsand v. Kennedy, 6 S. D. 47; Malin v. Malin, 1 Wend. 625; Throp v. Hatch, 3 Abb. Prac. 23.

Constructive trust in real property can be proved by parol.  Kingsbury v. Burnside, supra; Lantry v. Lantry, 51 Ill. 458; Barrell v. Hanrick, 42 Ala. 60; Perry on Trusts, section 166; Christy v. Sill, 95 Pa. St. 380; Brinson v. Brinson, 7 Am. St. Rep. 189; Wood v. Rabe, 48 Am. Rep. 640; Clark v. Haney, 50 Am. Rep. 536; Brown on the Statute of Frauds, section 95; Goodwin v. McMinn, 74 Am. St. Rep. 703; Seichrist's Appeal, 66 Pa. St. 237; Highberger v. Stiffler, 83 Am. Dec. 593; Whitney v. Hay, 181 U. S. 77; Storey's Equity, section 312; Collins v. Tillou's Adm., 26 Conn. 368; Linsley v. Lovely, 26 Vt. 123; Oliver v. Oliver, 1 Am. Dec. 257; 4 Lawson's Rights, Remedies and Practice, 3392; 3 Pom. Eq., section 1052, 1053.

Confidential relations carefully scrutinized to protect against undue advantage.  Archer v. Hudson, 7 Beav.   551; Houghton v. Houghton, 15 Id. 278; Wright v. Vanderplank, 8 DeG., M. & G. 133.

Constructive trust may be shown by parol.  Alaniz v. Casenave, 27 Pac. 521; Bartlett v. Bartlett, 19 N. W. 691; Koefoed v. Thompson, 102 N. W. 268; Butler v. Hyland, 26 Pac. 1108; Bowler v.

Curler, 26 Pac. 226; Gruhn v. Richardson, 21 N. E. 18; Benjamin v. Mattler, 32 Pac. 837; Irwin v. Dyke, 1 N. E. 913; Hackworth v. Zeitinger, 48 Mo. 732; Patterson v. Ware, 10 Ala. 444; Middlesex Co. v. Osgood, 70 Mass. 447; Engelhorn v. Reitlinger, 25 N. E. 297; Wiseman v. Thompson, 63 N. W. 346; Conner v. Hingtgen, 19 Neb. 472; Porter v. Wormser, 94 N. Y. 431; Howe v. Chesley, 56 Vt. 727; Wells v. Monihan, 29 N. E. 232.

Morgan, C. J. This is an action brought by the plaintiff to recover the sum of $2,880, the proceeds of the sale of 160 acres of land alleged to have been owned by her. The complaint alleges her ownership of the land, and that on October 30, 1904, she executed and delivered to her father, Edward L. Marquis, a deed of said 160 acres of land. The complaint further alleges that the said deed was without any consideration whatever, and was made in trust for the plaintiff for the purpose of selling and conveying said land in trust for her; that said land was to be sold to one Malander for said sum, and that said sum was to be paid by said Edward L. Marquis to the plaintiff as soon as said land was sold to said Malander; that on November 9th said Edward L. Marquis did sell and convey said land to said Malander and deposited the deed to said land in escrow with the First National Bank of Oakes, N. D., to be delivered to said Malander as soon as the purchase price therefor was paid, and that said First National Bank did thereafter deliver said deed to said Malander; that before said sum of money was paid by said bank to said Edward L. Marquis he died; that the defendant Crabtree is the administrator of the estate of said Edward L. Marquis; and that said sum of money was paid to him as such administrator by the First National Bank. The complaint further alleges that the plaintiff is the owner of said sum of money, and entitled to receive same. The other defendants, Jessie E. Morris and Sidney J. Marquis, are the other heirs at law of said Edward L. Marquis. They are made defendants as such. The relief demanded in the complaint is as follows: First. That said sum of $2,880 which was received for said land be declared to be the property of this plaintiff, and that the same be declared and adjudged to be a trust fund for the use and benefit of the plaintiff. Second. That each of said defendants be debarred and estopped from asserting any right, title, claim, or interest to said fund. Third. For general relief. The defendant Sidney J. Marquis did not answer. The defendant Jessie E. Morris answered and alleged

that said Edward L. Marquis was the owner of said land when conveyed to Malander, and that the deed from the plaintiff to him was not a deed in trust for said plaintiff, but that plaintiff's deed to said Edward L. Marquis was made to carry out the terms of a contract by which the deed from said Edward L. Marquis to her was held in trust for said Edward L. Marquis. In the district court this action and another action were submitted under the same evidence under a stipulation that each case should be decided upon the evidence in the record applicable to the case. This other action was brought by Sidney J. Marquis, who is a defendant in this action, and who is a brother of the plaintiff, and was made a defendant in this action as an heir at law of said Edward L. Marquis. The said Sidney J. Marquis brings his action to have the proceeds of another 160 acres of land alleged to have been owned by him declared to be a trust fund, by reason of similar facts as are alleged in the present action. The district court found in favor of the plaintiffs in each of said actions, and adjudged that they were entitled to the proceeds of the sale of said land, and that the defendant Jessie E. Morris, and the defendant Crabtree, as administrator, had no right to the possession of said money. It is stipulated that the following facts are true: That said Edward L. Marquis was the owner of the land involved in this suit on October 7, 1902, and that he conveyed the same to this plaintiff on said day; that the consideration named in that deed was the sum of $2,880; that the record title to this land remained in this plaintiff until October 30, 1904; that on said day she conveyed said land to said Edward L. Marquis; that the consideration recited in this deed was the sum of $2,880, and that on November 9, 1904, said Edward L. Marquis conveyed this land to one Malander; that in the deed to Malander was also conveyed a tract of 160 acres of land owned by said Edward L. Marquis, and also a tract of 160 acres of land, the record title of which was in Sidney J. Marquis, and had been for twenty years; that the consideration named in this deed was the sum of $8,467. It was further stipulated that the land involved in this suit was of the value of $17.50 per acre when the same was deeded to said Edward L. Marquis, and that the 160 acres involved in the suit of Sidney J. Marquis was valued at $18.50 per acre. It was further stipulated that said Sidney J. Marquis conveyed the 160 acres of land involved in this action to Edward L. Marquis on October 24, 1904, and that a consideration of $2,695 was named in

that deed; further, that the proceeds of the sale of said 480 acres of land came into the hands of said bank, and that Edward L. Marquis died before the money was paid by said bank to him. It is also stipulatetd that said sum of $8,467 was paid by said bank to said administrator, and that said sum was the entire proceeds of the sale of said 480 acres of land to said Malander. It is shown in the record by undisputed evidence that no consideration whatever passed between said E. L. Marquis and said Sidney J. Marquis for the conveyance to said E. L. Marquis by these two plaintiffs. It is also shown by undisputed evidence that the deeds to said Edward L. Marquis were absolute in terms, and contained no recitals as to the alleged trust character of said deeds. The trial court made findings of fact and conclusions of law in favor of the plaintiff in each of said actions, and adjudged that each of said plaintiffs was entitled to a judgment against the administrator for the stipulated value of the land. Judgments were entered pursuant to such findings, and the defendant Jessie E. Morris appeals from these judgments, and demands a trial de novo in this court.

It is the contention of the plaintiff that she is entitled to the proceeds of the sale of her 160 acres of land on account of the fact that it was agreed between her and said E. L. Marquis that the deed to him was made in trust for herself and was given for the purpose of enabling said E. L. Marquis to sell his own land more advantageously. E. L. Marquis was the owner of 160 acres of land adjoining the plaintiff's tract, and also adjacent to the tract owned by Sidney J. Marquis, and it was represented by said E. L. Marquis that he could sell his own land more advantageously if he was permitted to sell the plaintiff's land and also the land of said Sidney J. Marquis. She contends that this was the sole purpose of the conveyance to her father, and that he agreed, upon selling said land, to turn over the proceeds to her. This agreement and contract is amply shown by correspondence between E. L. Marquis and Sidney J. Marquis, and it is amply shown by oral evidence that E. L. Marquis received the deed from this plaintiff under such understanding. The letters which passed between E. L. Marquis and Sidney J. Marquis were written by this plaintiff at the request and dictation of E. L. Marquis, but said letters were not signed by E. L. Marquis, and were signed by this plaintiff. The appellant objects to the introduction of these letters in evidence, on the ground that under the circumstances they constitute statements of transactions with

a deceased party, and are therefore inadmissable under the pro-visions of section 7253, Rev. Codes 1905, which is as follows: "No person offered as a witness in any action or proceeding in any court, or before any officer or person having authority to examine wit-nesses or hear evidence, shall be excluded or excused by reason of such person's interest in 'the event of the action or proceeding; or because such person is a party thereto, or because such person is the husband or wife of a party thereto, or of any person in whose behalf such action or proceeding is commenced, prosecuted, opposed or defended, except as hereinafter provided: (1) A husband can-not be examined for or against his wife without her consent, nor a wife for or against her husband without his consent, nor can either during the marriage or afterwards be, without the consent of the other, examined as to any communications made by one to the other during the marriage; but this subdivision does not apply to a civil action or a proceeding by one against the other, nor to a criminal action or proceeding for a crime committed by one against the other. (2) In civil actions or proceedings by or against executors, administrators, heirs at law or next of kin in which judgment may be rendered or order entered for or against them, neither party shall be allowed to testify against the other as to any transaction whatever with or statement by the testator or intestate, unless called to testify thereto by the opposite party," etc. It is shown by the record that most of these letters were lost and were not produced at the trial, and as to proof of such fact said Sidney J. Marquis was permitted to state the contents of said letters under objection. It is also shown in the record by the testimony of this plaintiff that the letters were written at the request and dic-tation of E. L. Marquis. Under said section of the statute it is clear to us that this plaintiff was incompetent to testify to the fact that the letters to S. J. Marquis, signed by her, were written at the fath-er's dictation. These letters were transactions and statements by a deceased person with a party to an action. It is claimed that the evidence of Ida M. Cardiff was admissible in the action in which S. J. Marquis was plaintiff, and that the evidence of S. J. Marquis was admissible in the action in which Ida M. Cardiff is plaintiff. This fact does not remove the objection, as both of these witnesses are parties in each action. Sidney J. Marquis is a defendant in the ac-tion in which Ida M. Cardiff is plaintiff, and she is defendant in the action in which S. J. Marquis is plaintiff. The prohibition of the

statute is against testimony of this character by a party to an action in which an executor or administrator is also a party. The evil designed to be avoided by this statute is present in this case, and its provisions should not be annulled simply for the reason that the party testifying is a co-defendant with the executor or administrator. Both on principle and under the language of the statute this evidence was objectionable. We have recently decided this question in another case where the authorities are collected. First National Bank v. Hilliboe (decided at this term), 17 N. D. 76, 114 N. W. 1085. A letter was received by Sidney J. Marquis from E. L. Marquis in which he stated that he would pay over the proceeds of the sale of the land to said Sidney J. Marquis as soon as the sale was completed. This letter was lost and could not be produced at the trial. The contents of this letter were received in evidence under an objection to its competency. The witness was disqualified to testify as to the contents of the letter. The letter was a statement by the decedent, the administrator of whose estate is a party to the action, and the statement was made to the witness. 30 A. & E. Enc. Law, p. 1036, and cases cited under note 1, page 1037. These letters being inadmissible, it follows that the trust character of the deed was not shown by any writing. An express trust cannot be created by parol. Section 4821, Rev. Codes 1905; Carter v. Carter, 14 N. D. 66, 103 N. W. 425.

In our judgment this fact is not fatal to the plaintiff's recovery. In the absence of any writing to prove that E. L. Marquis was to hold the money received from the sale of the land for the benefit of the grantors in the deeds to him, the record contains evidence that shows that the money derived from the sale was to be paid to these plaintiffs. The husband of the plaintiff said: "Well, there was something said. I said something to him about the consideration, how they are going to get their money out of this here, and he made the remark that so soon as he got the returns from this sale there he would give Ida and Sid their part." This statement of the deceased was made at the time that the Ida M. Cardiff deed was signed and delivered to the deceased, and was not objectionable as contravening the provisions of said section 7253, as the witness was not a party to the action. The plaintiff also testifies that he (meaning the father) "was taking the title so he could sell it for me." There was no objection to this testimony on any ground. This testimony, taken in connection with the relationship of the parties, a relation of confidence and trust, convinces us that the plaintiffs are entitled upon

equitable considerations to the relief sought. If the father had lived until the consummation of the sale to Malander, and had refused to pay to the plaintiff the price received for her land, it would be a fraud upon the plaintiff, entitling her to equitable relief. It is true that the plaintiffs were of mature age when their conveyances were delivered. However, that fact does not deprive them of equitable relief, where confidence was reposed and the deed given without protecting themselves by strict compliance with the requirements of the statute of frauds. The administrator stands in the same relation to these plaintiffs as the father would have stood in if he were alive. If the father were before the court, the facts would justify a finding against him of constructive fraud. In Perry on Trusts, § 166, it is stated: "If a person obtains the legal title to property by such arts or acts or circumstances of circumvention, imposition or fraud, or if he obtains it by virtue of a confidential relation and influence under such circumstances that he ought not, according to the rules of equity and good consience, as administered in chancery, to hold and enjoy the beneficial interest of the property, courts of equity, in order to administer complete justice between the parties, will raise a trust by construction out of such circumstances or relations; and this trust they will fasten upon the conscience of the offending party, and will convert him into a trustee of the legal title, and order him to hold it or to execute the trust in such a manner as to protect the rights of the defrauded party and promote the safety and interests of society." See 3 Pomeroy, Eq. Juris. (3d Ed.) note "a" to section 1056, where the cases are collected. The doctrine there announced is that relief is granted in such cases not in violation of the terms of the statute of frauds, but that a constructive trust is raised, based on the fraud growing out of the confidential relation, and that it is immaterial that no fraudulent intent actually existed when the conveyance was delivered. In Wood v. Rabe, 96 N. Y. 414, 48 Am. Rep. 640, the court granted relief under facts somewhat parallel. The court said: "The court, in granting relief in case of an oral agreement, proceeds upon the ground of fraud, actual or constructive, and enforces the agreement, notwithstanding the statute, by reason of the special circumstances. * * * There are two principles upon which a court of equity acts in exercising its remedial jurisdiction, which, taken together, in our opinion, entitle the plaintiff to maintain this action. One is that it will not permit the statute of frauds to be used as an instrument of fraud, and the other, that, when a person

through the influence of a confidential relation acquires title to property, or obtains an advantage which he cannot conscientiously retain, the court to prevent the abuse of confidence will grant relief." See also, Beach on Trusts, § 105; Brison v. Brison, 90 Cal. 323, 27 Pac. 186; Id. 75 Cal. 525, 17 Pac. 689, 7 Am. St. Rep. 189; Bowler v. Curler, 21 Nev. 158, 26 Pac. 226, 37 Am. St. Rep. 501; Sherman v. Sandell, 106 Cal. 373, 39 Pac. 797; Alaniz v. Casenave, 91 Cal. 41, 27 Pac. 521; Bartlett v. Bartlett, 15 Neb. 593, 19 N. W. 691; Gruhn v. Richardson, 128 Ill. 178, 21 N. E. 18.

As we deem the plaintiff entitled to recover upon the grounds stated, it is unnecessary to determine whether the failure to plead the statute of frauds in the answer foreclosed the defendants from relying upon it at the trial, and whether the plaintiffs would be entitled to recover upon the ground that the trust related to personal property and therefore not necessary to be in writing. There is no serious conflict in the evidence as to the fact that the deeds were delivered in trust for the plaintiff. We have examined the evidence proffered by the defendants on this point, but it in no sense overcomes the plaintiff's evidence, and the evidence, considered altogether, makes out a clear case of the existence of the trust character of the deed.

The judgment is affirmed. All concur.