through the influence of a confidential relation acquires title to property, or obtains an advantage which he cannot conscientiously retain, the court to prevent the abuse of confidence will grant relief." See also, Beach on Trusts, § 105; Brison v. Brison, 90 Cal. 323, 27 Pac. 186; Id. 75 Cal. 525, 17 Pac. 689, 7 Am. St. Rep. 189; Bowler v. Curler, 21 Nev. 158, 26 Pac. 226, 37 Am. St. Rep. 501; Sherman v. Sandell, 106 Cal. 373, 39 Pac. 797; Alaniz v. Casenave, 91 Cal. 41, 27 Pac. 521; Bartlett v. Bartlett, 15 Neb. 593, 19 N. W. 691; Gruhn v. Richardson, 128 Ill. 178, 21 N. E. 18.

As we deem the plaintiff entitled to recover upon the grounds stated, it is unnecessary to determine whether the failure to plead the statute of frauds in the answer foreclosed the defendants from relying upon it at the trial, and whether the plaintiffs would be entitled to recover upon the ground that the trust related to personal property and therefore not necessary to be in writing. There is no serious conflict in the evidence as to the fact that the deeds were delivered in trust for the plaintiff. We have examined the evidence proffered by the defendants on this point, but it in no sense overcomes the plaintiff's evidence, and the evidence, considered altogether, makes out a clear case of the existence of the trust character of the deed.

The judgment is affirmed. All concur.

(114 N. W. 1088.)

---

## Marquis v. Morris.

Opinion filed February 3, 1908.

Appeal from District Court, Dickey county; *Frank P. Allen,* J.

Action by Sidney J. Marquis against Jessie E. Morris. Judgment for plaintiff, and defendant appeals. Affirmed.

*E. E. Cassels (Bucklin & Bucklin,* of counsel) for appellant.

*W. S. Lauder* and *Youker & Perry,* for respondent.

PER CURIAM. Following the case of Cardiff v. Marquis, 17 N. D. 110, 114 N. W. 1088, the judgment of the district court of Dickey county is affirmed.

(114 N. W. 1091.)