AMELIA HANSON, v. MARTIN SVARVERUD, HANS SVARVERUD, AND ANDREW SVARVERUD.

Opinion filed March 11, 1909.

**Statute of Frauds — Pleading — Presumption of Writing.**

    1. Where a contract within the statute of frauds is declared on, the court will presume that it was in writing, unless the complaint shows that it was not.

**Pleading — Allegation of Ownership — Possession.**

    2. An allegation in a complaint that a grantor in a deed was in possession of the land conveyed when the deed was executed and delivered, and thereafter, is sufficient as an allegation of the ownership of the land by the grantor when the deed was delivered.

**Trusts — Constructive Trusts — Family Relation — Fraud.**

    3. A complaint alleging that a deed, absolute in form, from parents to their sons was executed solely in reliance on the confidence existing between them and their sons, and in reliance on their sons' promise to accept the deed in trust for the use of the grantors while they lived, and after their death to convey the land equally among all the children of the grantors, states a cause of action for declaring the deed to have been executed in trust for said purpose, and a court of equity will enforce the promise, as the refusal to carry it out is constructively fraudulent.

**Constructive Fraud.**

    4. In such case the agreement is enforced as based on the confidence imposed, which makes the refusal to comply with the contract a constructive fraud.

**Same.**

> 5. Under such circumstances, an allegation of actual fraud is not essential, as the refusal to comply with the agreement is constructively fraudulent, in view of the alleged confidential relations.

**Same.**

> 6. Where the refusal of a grantee to carry out the terms of a trust agreement in reference to conveying real estate is actually or constructively fraudulent, a court of equity will enforce the agreement, although the same is not in writing.

Appeal from District Court, Ransom county; *Allen* J.

Action by Amelia Hanson against Martin Svarverud and others. Judgment for defendants, and plaintiff appeals.

Reversed and remanded.

*Rourke & Kvello,* for appellant.

The question of the statute of frauds cannot be raised by demurrer. Broder v. Conklin, 19 Pac. 513; McDonald v. Association, 51 Cal. 210; Bigelow v. Sanford, 57 N. W. 1037; Brison v. Brison, 17 Pac. 689; Whiting v. Gould, 2 Wis. 552.

A breach of confidence is constructively fraudulent, and gives rise to a constructive trust. Sherman v. Sandell, 39 Pac. 797; Bartlett v. Bartlett, 19 N. W. 691; Brison v. Brison, supra; Bowler v. Curler, 37 A. S. R. 501; Athrens v. Jones, 62 N. E. 666; Larmon v. Knight, 29 N. E. 1116; Newis v. Topfer, 96 N. W. 905; Hayne v. Herman 32, Pac. 171; Alliniz v. Casenave, 27 Pac. 521.

*T. A. Curtis,* for respondent.

Deed from a parent to a child will always be presumed free from suspicion. Millican v. Millican, 24 Tex. 426; Olephant v. Liversidge, 30 N. E. 334; Burt v. Quisenberry, 24 N. E. 622; Brauland v. Bradley, 2 Smale & G. 339; Yeakel v. McAtee, 27 Atl. 277.

Breach of contract in the absence of fraud will not create a constructive trust. Lotta v. Kolbourn, 150 U. S. 524, 14 L. Ed. 201; Piedmont Land Impt. Co. v. Piedmont Foundry Co., 96 Ala. 389; Hammelton v. Downer, 152 Ill. 651, 38 N. E. 733; Minot v. Mitchell, 30 Ind. 228, 95 Am. Dec. 685; Acker v. Priest, 61 N. W. 235; Dunn v. Zwilling, 62 N. W. 746; McClain v. McLain, 10 N. W. 333; Blount v. Carroway, 67 N. Car. 396.

MORGAN, C. J.   This is an action for an accounting by the defendants, and in addition to an accounting the plaintiff asks to have a certain deed adjudged to be a trust deed.   The facts stated in the complaint are, in substance, as follows:   That the plaintiff and the defendants are the children and sole heirs at law of Andrias P. Svarverud and Helene Svarverud who, on October 21, 1892, conveyed to Hans Svarverud and Andrew Svarverud, two of the above-named defendants, the lands which are involved in this action, by a deed absolute in form.   That said conveyance, although absolute in form, was made in trust for the grantors.   That the grantees were to pay to the grantors during their lifetime the net proceeds of the lands, and after the death of either of the grantors the proceeds were to be paid to the survivor, and after the death of both grantors the lands were to be equally divided and conveyed to the four children of the grantors.   The allegations of the complaint as to the conveyance and the purposes thereof are set forth in the following language: "That the said Andrias P. Svarverud and Helene Svarverud were moved and induced to convey the above-described land solely and only by reason of the confidence they had in the defendants, Hans Svarverud and Andrew Svarverud, and because of the promise, then and there made by the said defendants Hans Svarverud and Andrew Svrverud that they would pay the said net proceeds derived from the operation of said lands to the said Andrias P. Svarverud and Helene Svarverud for their maintenance and support during their lifetime, and after their death to divide the said land equally among the four children of the said Andrias P. Svarverud and Helene Svarverud." The complaint further alleged that there was no consideration for the deed, and that the consideration of $2,000 expressed therein has never been paid, and was not intended to be paid.   The complaint alleges, further, that Andrias P. Svarverud died on the 27th day of June, 1902, and that the said Helene Svarverud died on the 25th of October, 1906, and that from the time of the giving of the said deed, up to the 27th day of June, 1902 the said Andrias P. Svarverud remained in possession and control of the premises, and exercised supervision over the same, and received the rents and profits from said lands, pursuant to the agreement between the grantors and the grantees in said deed.   The defendants Hans Svarverud and Andrew Svarverud have been in possession and occupation of said lands, and the whole thereof, from the death of the said Andrius P. Svarverud up to the commencement of this action.   That the reasonable value

of the use of said premises from the 27th day of June, 1902, to the 25th day of October, 1906, is the sum of $500 per annum. The said defendants, it is alleged, have never fully accounted for the proceeds of said lands, and have refused to convey to the plaintiff an undivided one-fourth share of said lands in pursuance of said agreement. The relief demanded is that said deed be declared a trust deed, and an accounting be had between said defendants Hans Svarverud and Andrew Svarverud, and the plaintiff, Amelia Hanson, and Martin Svarverud. The defendants demurred to the complaint on the ground that the facts stated therein do not constitute a cause of action. The trial court sustained the demurrer, and the plaintiff has appealed from the order sustaining the same.

It is first claimed that the complaint fails to state that the grantors in the deed, being Andrias P. Svarverud and Helene Svarverud, were the owners of the land when they conveyed the same to the defendants, and entered into the agreement with reference to said lands. There is no direct allegation of ownership in the complaint, but facts are stated therein from which a presumption of ownership arises. The fact that the grantors were in possession of the land when the deed was executed and delivered, and remained in such possession until the death of Andrias P. Svarverud, is shown by the complaint. We deem these allegations of possession sufficient as allegations of ownership. See section 7317, subds. 11, 12, Rev. Codes 1905. It is also claimed that the demurrer was properly sustained, for the reason that the complaint contains no allegations of fraud. A trust relationship may be enforced, and the refusal to enforce it declared constructively fraudulent, although no fraudulent conduct or acts are shown as a fact. Implied or constructive fraud is sufficient to warrant a court of equity in declaring a deed absolute in form to be in trust for the grantee, or in trust for some other person at the grantor's request. A court of equity will enforce a trust agreement under such circumstances, although the requirements of the statute of frauds have not been complied with. The agreement is enforced because it would be inequitable and unjust to permit the grantee to profit by his wrongful conduct in refusing to execute and carry out the terms of his agreement.

In Beach on Trusts and Trustees, § 225, the rule is stated as follows: "Equity will make a person the constructive trustee for property which he has acquired by fraud, wherever it would be in conflict with justice to permit him to hold it in his own right. Where

a person obtains legal title to land by imposition and fraud, and under such circumstances that he ought not in equity to hold and enjoy the beneficial interest, a court of equity, in order to administer complete justice between the parties, will raise a trust by construction out of such circumstances, and declare the offending party a trustee of the legal title, and order him to hold it, or execute it, in such manner as to protect the rights of the defrauded party. * * * Trusts in real property arising from fraud, actual or constructive, are not within that part of the statute of frauds which requires the trust to be declared by a written instrument; but such trusts arise by operation of law, and may be proved by parol evidence." In section 226 the same author says: "Where, as a part of the original contract through which he becomes the absolute grantee, but is in fact constituted merely a trustee, he agrees to execute his declaration of the trust, and preserve the same for the plaintiff's use, but fraudulently fails and refuses so to do, the terms of such trust may be proved by parol, notwithstanding the statute of frauds. If fraud, actual or constructive, tainted the original contract, parol evidence is admissible, notwithstanding the statute." In Cardiff v. Marquis, 114 N. W. 1088, a similar question was before this court. A deed absolute in terms was held to be in trust for the grantee's daughter, under a parol contract. In that case the trust agreement was upheld on account of the relations of confidence existing between the grantee and his daughter, and because it would be an injustice to the daughter not to enforce the contract, and would be a constructive fraud upon her which a court of equity would not sanction, although the agreement rested wholly in parol.

The respondent claims that no confidential relations are presumed to exist between parent and child to the extent that a deed from parent to child can be presumed fraudulent. Under what conditions and circumstances confidential relations will be presumed between parties we need not pass upon in this case. The confidential relation is alleged as a fact in the complaint, and, so far as the demurrer is concerned, is deemed to be a fact. Respondent claims that the complaint states only conclusions, and not facts, in alleging that relations of confidence existed between the parties in this case. The allegations are sufficient, although attacked by demurrer. They show that the conveyance was executed in reliance upon the fact of confidence. See Brison v. Brison, 90 Cal. 323, 27 Pac. 186. In that case the transaction was held constructively fraudulent.

The complaint alleged actual and constructive fraud. There was no finding upon the question of actual fraud, but the facts were nevertheless held to render the contract constructively fraudulent. In the case at bar, the complaint states facts showing that the grantors had confidence in their two sons, and, relying upon such confidence, conveyed their land to them in trust for the grantors as a matter of fact while they lived, and after their death the land was to be equally divided between all their children. It would be giving effect to a constructive fraud to permit the defendants to hold the land under such circumstances, although the contract would not be enforceable in a court of law. Section 4821, Rev. Codes 1905, provides that no trust in real property shall be valid unless created or declared by writing, or by operation of law. That section reads as follows: "No trust in relation to real property is valid unless created or declared: (1) By a written instrument, subscribed by the trustee or by his agent thereto authorized in writing; (2) by the instrument under which the trustee claims the estate affected; or (3) by operation of law." In giving effect to a similar statute the Supreme Court of California, in Brison v. Brison, 75 Cal. 525, 17 Pac. 689, 7 Am. St. Rep. 189, said: "Under these provisions there can be no doubt but that the defendant's promise to convey was invalid, and could not be enforced. It is to be observed, however, that the statute excepts from its operation such trusts as arise 'by operation of law.' Substantially the same exception is in the English statute of frauds, and in the statutes of most of the United States. And the universal construction given to it is that it excepts from the operation of the statute, among other things, trusts which arise from fraud, actual or constructive, or, as they are termed, 'constructive trusts.' It is no longer worth while for any counsel to argue against this construction of the statute. The only point which is open to debate in cases of this character is whether the facts show such a case of fraud as falls within the exception. Such fraud may be either actual or constructive; and, in our opinion, both exist in the case before us." In addition to the cases cited in Cardiff v. Marquis, supra, the following are in point: Ahren v. Jones, 169 N. Y. 555, 62 N. E. 666, 88 Am. St. Rep. 620; Larmon v. Knight, 140 Ill. 232, 29 N. E. 1116, 33 Am. St. Rep. 229; Newis v. Topfer, 121 Iowa, 433, 96 N. W. 905; Hayne v. Hermann, 97 Cal. 259, 32 Pac. 171. We think the allegations of the complaint in this case sufficient to allege a constructive trust.

The complaint is silent upon the question whether the trust agreement was in writing or oral. Under such circumstances the complaint is not subject to demurrer, and the agreement will be presumed to be in writing. The parties will be presumed, in the absence of a contrary allegation or showing, to have entered into a binding agreement. Conceding, for the purpose of this case only, that the complaint may be attacked by demurrer because it fails to show that the provisions of the statute of frauds were not complied with, the demurrer should have been overruled on this ground also. See 9 Enc. Pl. & Pr. p. 701.

The order sustaining the demurrer is reversed, and the cause remanded for further proceedings. All concur.