MONTGOMERY et al, Appellants, v. KELLEY et al, (Dirks, Respondent.)

(173 N. W. 741.)

(File No. 4563.    Opinion filed August 15, 1919.)

**Trusts—Realty, Resulting Trust In—Administrator's Sale, Title Taken by Bidder, Consideration by Credit on Creditors' Claims, Effect, Sufficiency of Evidence—Priority Re Intervening Heir of Trustee.**

One D. purchased and took title to realty of an estate at probate sale, the consideration for the bid being a credit of 85% on claims of various parties against the estate. **Held,** that as to appellant M, who as one of said claimants had an interest in the premises, in a certain amount, a resulting trust established by the evidence, existed in D. in favor of M; that M's interest under the trust was superior to the rights of the deceased trustee's heir as intervener.

Appeal from Circuit Court, Brule County. Hon. FRANK B. SMITH, Judge.

Action by W. L. Montgomery and others, against Guy Kelley, as administrator of the estate of Peter B. Dirks, deceased; Susanne C. Dirks, intervener. From a judgment for defendant Susanne C. Dirks, intervener, and from an order denying a new trial. plaintiffs appeal. Affirmed in part, and reversed in part.

*Brown & Brown,* and *House & Dyer,* for Appellants.

*E. R. Slifer,* for Defendant Administrator.

*G. J. Danforth,* for Intervener.

GATES, J. Action to establish a resulting trust in real property. Trial to the court without a jury. Findings, conclusions,

and judgment for defendant Suzanne C. Dirks, intervener. From the judgment and order denying a new trial plaintiffs appeal.

It is the contention of appellants that one Peter B. Dirks purchased and took title to the property in suit at the sale of the properties of the estate of John W. Sanford, deceased, and that the consideration therefor was paid by credit on the claims of these appellants against said estate; therefore that he held the title to said premises in trust for these appellants.

The question in the case is whether, eliminating evidence that was incompetent under section 486, C. C. P. (section 2717, Rev. Code 1919), there is sufficient remaining to establish the trust. The trial court held not. We think the trial court erred as to appellant Montgomery. There is no conflict in the evidence —no question of weight or credibility of witnesses. From the competent oral evidence, documents, and letters of deceased it appeared that the late John W. Sanford was indebted in large sums to the Chamberlain State Bank, the Citizens' State Bank of Oacoma, Chamberlain Gaslight & Power Company, W. L. Montgomery, and Peter B. Dirks. It was arranged that at the sale of the Sanford estate Dirks should bid in and take title to the several pieces of real property in payment of 85 per cent. of these claims. After the sale the properties were apportioned, leaving what was known as the Wait building (the premises in suit) as representing 85 per cent. of the claims of W. L. Montgomery, the Citizens' State Bank of Oacoma, and W. R. Tapper. The claim of the last-named against the Sanford estate had been filed in the name of Peter B. Dirks. There was competent evidence to the effect that appellant Montgomery had an interest in the premises to the extent of $2,216.90, the Citizens' State Bank of Oacoma to the extent of $740.32, W. R. Tapper to the extent of $2,000, these sums being 85 per cent. of their claims against the Sanford estate; and we are satisfied that a trust in said real estate in those amounts was clearly proved. Farmers' & Traders' Bank v. Kimball Milling Co., 1 S. D. 388, 47 N. W. 402, 36 Am. St. Rep. 739. But neither the Ctiizens' State Bank of Oacoma nor W. R. Tapper are parties plaintiff. We think there was a failure of competent proof that appellants the gaslight company and the Dirks Trust & Title Company had an interest in the premises. Montgomery has been paid the sum of $675 on his

claim. We think the trial court should have decreed his remaining interest to be superior to the rights of the intervener.

The judgment and order appealed from are affirmed as to the appellants gaslight company and Dirks Trust & Title Company, and are reversed as to appellant Montgomery.

As to him the cause is remanded for further proceedings not inconsistent herewith. No costs will be taxed in this court.