JAEGER, Appellant, v. SECHSER, et al, Respondents.

(270 N. W. 531.)

(File No. 7887. Opinion filed December 17, 1936.)

Charles Lacey, of Sioux Falls, for Appellant.
Tom Kirby, of Sioux Falls, for Respondent.

RUDOLPH, J. Peter J. Jaeger, the father of the plaintiff and defendants, was the owner of certain real property located in Sioux Falls. Shortly before the death of Mr. Jaeger, he deeded this property to his two daughters, the defendants named herein. The plaintiff now alleges that the deed to the daughters was given by the father for the purpose of dividing his property in contemplation of death, under an agreement whereby the daughters were to allow the plaintiff to share in the property to the extent of one-third of the value thereof. From the complaint and the testimony offered at the trial of the case, it is not entirely clear whether the alleged agreement on behalf of the daughters was a naked promise to pay to the plaintiff one-third of the value of the property, or

whether the alleged promise was to give to the plaintiff a one-third interest in the property. However, whether the alleged agreement on behalf of the daughters was a naked promise to pay to the plaintiff one-third of the value of the property, or an agreement whereby plaintiff was to share in the property to the extent of one-third thereof, is immaterial at this stage of the proceedings, because under either view we are of the opinion that the trial court erred in its decision herein.

At the trial the plaintiff attempted to prove the allegations of the complaint. The plaintiff was called as a witness and was asked regarding certain conversations had with the defendants. These conversations were objected to by the defendants upon the ground that the plaintiff was attempting to establish a trust as to real estate by verbal or oral testimony contrary to section 371, Rev. Code 1919. The court sustained the objection. The plaintiff thereupon made a long offer of proof wherein he offered to prove in detail by certain witnesses the allegations set forth in the complaint. The offer of proof was objected to for the same reasons set forth in the objection to the question set out above. The court sustained the objection to the offer of proof and thereafter made findings of fact to the effect that the complaint and the offer of proof sought by oral testimony to impress a trust upon the property described in the complaint contrary to the provisions of said section 371. Judgment dismissing plaintiff's complaint was entered. This is an appeal from the judgment and an order denying plaintiff's motion for a new trial.

Section 371, Rev. Code 1919, is as follows:

"No trust in relation to real property is valid, unless created or declared:

"1. By a written instrument, subscribed by the trustee or by his agent thereto authorized by writing;

"2. By the instrument under which the trustee claims the estate effected; or,

"3. By operation of law."

Looking at the complaint and the offered testimony, first, as establishing a naked promise on behalf of the sisters to pay to the plaintiff in money one-third of the value of the property, it seems clear to us that the said section 371, Rev. Code

1919, has no application. The agreement considered in this light would be as stated in Bogert on Trusts, § 495, "in essence a mere contract to pay money," and would have no elements of a trust and would not come within the meaning of any of the subdivisions of the said section 371.

However, it appears from this record that the trial court and all parties concerned treated the alleged agreement as an attempt to create a trust in real property, and the trial court took the view that the alleged and offered facts, showing no agreement other than a verbal or oral agreement, came within the prohibitions contained in the said section 371. Appellant contends that the allegations of the complaint and the offer of proof made thereunder are sufficient to establish a trust by operation of law within the meaning of the third subdivision of section 371. By section 1187, Rev. Code 1919, a trust created by operation of law is classified as an involutary trust. In the early case of Farmers' & Traders' Bank v. Kimball Milling Co., 1 S. D. 388, 47 N. W. 402, 36 Am. St. Rep. 739, this court held that an involuntary trust as described in our Code was that trust known in equity jurisprudence as a "constructive trust." To support such a trust it is not necessary to allege or prove actual fraud, constructive fraud being sufficient. Luscombe v. Grigsby et al., 11 S. D. 408, 78 N. W. 357.

Courts of equity have repeatedly held a constructive trust to exist where one in violation of a confidential relationship asserts the right to hold property either real or personal. In the case of Brookings Land & Trust Co. v. Bertness, 17 S. D. 293, 96 N. W. 97, this court quoted with approval from the case of Wood v. Rabe, 96 N. Y. 414, 48 Am. Rep. 640, as follows: " 'There are two principles upon which a court of equity acts in exercising its remedial jurisdiction, which, taken together, in our opinion entitled the plaintiff to maintain this action. One is that it will not permit the statute of frauds to be used as an instrument of fraud, and the other that, when a person through the influence of a confidential relation acquires title to property, or obtains an advantage which he cannot conscientiously retain, the court, to prevent the abuse of confidence, will grant relief. * * * The principle that, when one uses a confidential relation to acquire an advantage which he ought not in equity and good conscience to retain, the court

will convert him into a trustee, and compel him to restore what he has unjustly acquired or seeks to unjustly retain, has frequently been applied to transactions within the statute of frauds.' Massie v. Watts, 6 Cranch, 148, 3 L. Ed. 181; Church v. Sterling, 16 Conn. 388; Banks v. Judah, 8 Conn. 145; Ryan v. Dox, 34 N. Y. 307, 90 Am. Dec. 696; Church v. Kidd, 3 Hun, 254; Moore v. Crawford, 130 U. S. 122, 9 S. Ct. 447, 32 L. Ed. 878; Brison v. Brison, 75 Cal. 525, 17 P. 689, 7 Am. St. Rep. 189; Gruhn v. Richardson, 128 Ill. 178, 21 N. E. 18; Union P. R. Co. v. McAlpine, 129 U. S. 305, 9 S. Ct. 286, 32 L. Ed. 673; Rose v. Hayden, 35 Kan. 106, 10 P. 554, 57 Am. Rep. 145."

The North Dakota court construing statutes identical with our own, under a state of facts alleged in a complaint very similar to the facts here alleged and offered to be proved, held a constructive trust to exist and that the statute requiring a writing was not operative. See Hanson v. Svarverud, 18 N. D. 550, 120 N. W. 550, 552. In this last-cited case the North Dakota court said: "The complaint states facts showing that the grantors had confidence in their two sons, and relying upon such confidence, conveyed their land to them in trust for the grantors as a matter of fact while they lived, and after their death the land was to be equally divided between all their children. It would be giving effect to a constructive fraud to permit the defendants to hold the land under such circumstances, although the contract would not be enforceable in a court of law."

In giving effect to a statute similar to our section 371, the Supreme Court of California in the case of Brison v. Brison, 75 Cal. 525, 17 P. 689, 690, 7 Am. St. Rep. 189, said: "Under these provisions there can be no doubt but that the defendant's promise to convey was invalid and could not be enforced. It is to be observed, however, that the statute excepts from its operations such trusts as arise 'by operation of law.' Substantially the same exception is in the English statute of frauds, and in the statutes of most of the United States. And the universal construction given to it is that it excepts from the operation of the statute, among other things, trusts which arise from fraud, actual or constructive, or as they are termed constructive trusts. It is no longer worth while for any counsel to argue against this construction of the statute.

The only point which is open to debate in cases of this character is whether the facts show such a case of fraud as falls within the exception. Such fraud may be either actual or constructive; and, in our opinion, both exist in the case before us."

 The Arizona court in the case of MacRae v. MacRae, 37 Ariz. 307, 294 P. 280, held that even though no active fraud by the grantee in procuring of a conveyance be shown, the mere existence of the confidential relationship when coupled with the promise to reconvey creates a constructive trust. We are of the opinion that this is the sound rule, and the rule which under our former decisions should be applied in this case. The controlling question therefore is whether or not the facts alleged in the complaint are sufficient to establish a confidential relationship existing between the grantor and the grantees. The mere fact that the grantor was the father and the grantees were his daughters is not alone sufficient in our opinion to establish the confidential relationship necessary for the creation of a constructive trust. However, in this case the facts alleged and offered to be proved go further than showing the mere relationship. The alleged facts show the infirmity of the father, the confidence of the father in his daughters to deal fairly and justly with him, and the reliance upon this confidence in executing the deed. The offered proof contains additional facts, as follows: The defendants constantly attended the said Peter J. Jaeger and suggested to him the manner in which he should handle his property and dispose thereof; he relied upon their advice with reference to his property, and relying upon their advice, the confidence which he had in their fairness, and their promise to give one-third of the value of the property to his son, he executed the conveyance. "There is no invariable rule which determines the existence of a confidential relationship, but ordinarily there must be not only confidence of the one in the other, but also on the part of the former some inequality, dependence, weakness, want of knowledge, or other conditions giving to the latter some advantage over the former." 65 C. J. 483. The facts alleged and offered show the relationship of parent and children, the infirmity of the parent, the reliance of the parent upon the advice of the children with reference to his property, and the trust and confidence placed in the children by the parent. These facts,

in our opinion, gave the children an advantage over the father and established a confidential relationship between them. We are of the opinion that this alleged relationship coupled with the alleged promise on the part of the children constitute an allegation of a constructive fraud sufficient to create a trust by operation of law.

The judgment and order appealed from are reversed.

All the Judges concur.