[File No. 6943]

W. J. McDONALD, Respondent, v. MAE McDONALD MILLER, Also Known as Mae Olson, Appellant, and THE MERCHANTS NATIONAL BANK AND TRUST COMPANY OF FARGO, a National Banking Corporation, Respondent.

(16 NW(2d) 270, 156 ALR 1328)

476

Opinion filed November 1, 1944

*Nilles, Oehlert & Nilles,* for appellant.

*Roy K. Redetzke* and *James W. Pollock,* for respondents.

MORRIS, Ch. J.   This case comes to us for trial de novo upon an appeal from a judgment decreeing that the defendant, Mae McDonald Miller, also known as Mae Olson, holds title to the Northwest Quarter

of Section 10, Township 142, Range 50, in trust for the use and benefit of the plaintiff and directing conveyance thereof to the plaintiff subject to certain specified liens and charges.

The record discloses that prior to 1910 Alexander McDonald and his wife, both of whom are now deceased, resided upon the above described land, the title to which was in Alexander McDonald. His wife owned the quarter section of land adjacent to the South which was the Southwest Quarter of the same section. The plaintiff and the defendant Mae McDonald Miller were their only children. In 1910 the plaintiff married and brought his bride to the farm home where they have continuously resided up to the present time. The plaintiff was given an outfit of farming equipment. In 1911 the father, Alexander McDonald, his wife and his daughter, Mae, left the farm and moved to the village of Gardner. Later they moved to Fargo where they acquired a house in which the elder McDonalds lived until their respective deaths. In recent years the daughter, Mae, lived with them and cared for them in their last illnesses. The house in Fargo was deeded to Mae. In 1934 Mrs. Alexander McDonald also deeded to Mae the quarter section of land which she owned. After the death of his wife, Alexander McDonald on October 2, 1935 executed a warranty deed conveying the Northwest Quarter to Mae McDonald Miller as grantee which he left with one Frank Scott, President of the Merchants National Bank and Trust Company of Fargo, with instructions to deliver the deed to the grantee after his death. Alexander McDonald died on May 19, 1939 and shortly thereafter Mr. Scott delivered the deed to the grantee. It was recorded January 11, 1940.

The plaintiff seeks to impress the Northwest Quarter with a constructive trust of which he is the beneficiary. He contends that the deed to his sister which was left with Mr. Scott was executed with the understanding that she was to deed the land in question to him as soon as he was free from debt, and that the reason that his father did not deed the land directly to him was that the father feared that the creditors would seize the land if it was deeded to the son. Mae McDonald Miller denies the arrangement claimed by her brother and asserts that the land is her own.

Constructive trusts are recognized by the statutes of this state and

the decisions of this Court. The following sections of our 1913 **Comp.** Laws bear upon the situation under consideration:

Sec. 6275. "Constructive trust. Every one who voluntarily assumes a relation of personal confidence with another is deemed a trustee within the meaning of this chapter, not only as to the person who reposes such confidence, but as to all persons of whose affairs he thus acquires information which was given to such person in the like confidence, or over whose affairs he by such confidence obtains any control."

Sec. 6280. "Trustee by fraud, etc. One who gains a thing by fraud, accident, mistake, undue influence, the violation of a trust or other wrongful act is, unless he has some other and better right thereto, an involuntary trustee of the thing gained for the benefit of the person who would otherwise have had it."

A constructive trust will be imposed by the Courts in order to do equity and prevent unjust enrichment when title to property is acquired by fraud, duress, undue influence or is acquired or retained in violation of a fiduciary duty. Hanson v. Svarverud, 18 ND 550, 120 NW 550; Hughes v. Fargo Loan Agency, 46 ND 26, 178 NW 993.

"Where the defendant by fraud or other wrongful conduct prevents the plaintiff from receiving a gift or legacy, and obtains the property himself, he may be charged as constructive trustee for the plaintiff rather than for the person from whom he obtained the property." Scott, Trusts, § 462.2.

In this state an express trust in real property cannot be created by parol. N. D. Comp. Laws 1913, § 5364; Cardiff v. Marquis, 17 ND 110, 114 NW 1088. On the other hand, a trust in land created by operation of law may be established by parol evidence. Fox v. Fox, 56 ND 899, 219 NW 784; Jaeger v. Sechser, 65 SD 38, 270 NW 531. However, to establish a trust in real property by parol testimony the evidence must be clear, convincing and satisfactory. Carter v. Carter, 14 ND 66, 103 NW 425; Fox v. Fox, supra.

In Cardiff v. Marquis, 17 ND 110, 114 NW 1088, supra, a deed absolute on its face given by a daughter to her father was held to be given in trust though proof supporting the trust was shown by parol testimony indicating constructive fraud based upon the relationship

of confidence existing between the parties. It was also held that it was immaterial whether the fraud was intentional or not, or whether it existed when the conveyance was delivered. The Court quoted from Wood v. Rabe, 96 NY 414, 48 Am Rep 640, as follows: "There are two principles upon which a court of equity acts in exercising its remedial jurisdiction, which, taken together, in our opinion, entitle the plaintiff to maintain this action. One is that it will not permit the statute of frauds to be used as an instrument of fraud, and the other, that, when a person through the influence of a confidential relation acquires title to property, or obtains an advantage which he cannot conscientiously retain, the court to prevent the abuse of confidence will grant relief."

Where it is sought to impose a constructive trust the existence of a confidential relationship is of major importance. Hanson v. Svarverud, 18 ND 550, 120 NW 550, supra; Arntson v. First Nat. Bank, 39 ND 408, 167 NW 760, LRA1918F 1038; Hughes v. Fargo Loan Agency, 46 ND 26, 178 NW 993, supra; Jaeger v. Sechser, 65 SD 38, 270 NW 531, supra.

In the case before us the confidential relationship is amply established. In addition to the fact that the grantor was the father of the grantee it is shown that at the time of the execution of the deed to his daughter he was aged and infirm. He was living with his daughter who not only cared for him but also accompanied him on such trips as he made in connection with his business. She assisted him in these transactions and at times transacted business for him. While there is no invariable rule by which to determine the existence of a confidential relationship we are satisfied that under the facts and circumstances presented by this record such a relationship did exist.

In Arntson v. First Nat. Bank, 39 ND 408, 167 NW 760, LRA 1918F 1038, supra, syllabus Paragraph 6, this Court said: "Where confidential relations prevail between the parties to an oral trust, and the trust is violated, the law presumes that the influence of the confidence upon the mind of the person who confided was undue, and a case of a constructive trust arises, not, however, on the ground of actual fraud, but because of the facility for practicing it, and in such a case courts of equity will enforce the promise to convey, even though

it may be not in writing, as the mere refusal to carry it out is constructively fraudulent."

The ultimate question as to who should prevail in this law suit rests upon the sufficiency of evidence to meet the extraordinary degree of proof required by the general rule as to the intensity of parol proof necessary to establish a constructive trust in land. This ultimate question we cannot reach upon this record because of intervening errors occurring at the trial with respect to the admission of evidence.

The validity of the delivery of the deed is not questioned. In fact the rights asserted by both parties are premised upon a valid delivery. It is well established in this state that where a deed is delivered to a third person to be delivered to the grantee on the death of the grantor such delivery divests the grantor of title. Arnegaard v. Arnegaard, 7 ND 475, 75 NW 797, 41 LRA 258; O'Brien v. O'Brien, 19 ND 713, 125 NW 307. In McGuigan v. Heuer, 66 ND 710, 268 NW 679, we said: "Even where a deed is delivered to a third person to be delivered to the grantee on the death of the grantor, such delivery transfers the title to the grantee and the rights of the grantee attach as of the time of the delivery. When the grantor shows that he parts with all control of the deed and leaves it with a third person as the agent of the grantee, the delivery is effected and it cannot be said the instrument was testamentary in character."

The plaintiff, over the objection of the appellant, introduced testimony of declarations made by Alexander McDonald regarding the disposition of the land herein involved. These declarations fall into two classes—those made prior to the execution and delivery of the deed and those made subsequent thereto. None of the declarations were made in the presence of the grantee. They are, therefore, purely hearsay and are inadmissible unless they fall within some exception to the hearsay rule. There are several exceptions to the hearsay rule dealing with the admissibility of declarations of a grantor in a deed. The most common and frequently used is the rule of contemporaneousness under which declarations accompanying the delivery of a deed are admitted as bearing upon the nature and purpose of the transaction, as, for instance, whether the deed amounted to a gift. Wigmore, Evidence, 3d ed § 1777. In determining the nature of a transaction

evidenced by a deed, the intention of the grantor is of primary importance. As an aid to the determination of this intention courts have relaxed the hearsay rule to the extent of permitting the receipt of testimony as to declarations indicating the intent or purpose of the grantor, made prior to the execution of the instrument in question; the theory being that prior declarations have some bearing upon the intent with which the deed was executed and delivered. Montgomery v. McNutt, 214 Ala 692, 108 So 752; Boyd v. Boyd, 123 Ark 134, 184 SW 838; Herrin v. McCarthy, 339 Ill 530, 171 NE 621; Kessler v. Von Bank, 144 Minn 220, 174 NW 839; Whitney v. Wheeler, 116 Mass 490; Russell v. Roach, 173 Minn 314, 217 NW 115; Lang v. Lang, 140 Pa Super Ct 356, 14 A(2d) 216; Perry, Trusts, 7th ed § 77.

There is some authority to the effect that declarations of a grantor in derogation of a deed absolute are admissible only if the declarations are contemporaneous with the conveyance. In Ohio where express trusts in real estate were permitted to be established by parol, the court in Harvey v. Gardner, 41 Ohio St 642, limited the admissibility of parol declarations to those contemporaneous with the conveyance upon which the trust was to be engrafted. Regarding the admissibility of declarations of the grantor made subsequent to the deed, the court said: "Where the conveyance is absolute on its face, it would be unsafe, and contrary to reason and the rules of evidence, to permit a third person—a stranger to the instrument—to use the parol admissions or declarations of the grantor, made long after the conveyance, for the purpose of divesting the grantee of his rights by fastening a trust or incumbrance on the estate."

In Texas it is held that declarations of the grantor made prior to or contemporaneously with the execution and delivery of the conveyance are admissible in support of an express trust, but that declarations made subsequent to the conveyance and not in the presence of the grantee are not admissible. Phillips v. Sherman (Tex Civ App) 39 SW 187. We hold this to be the rule applicable to the admission of evidence in support of a constructive trust.

This court in Arnegaard v. Arnegaard, 7 ND 475, 75 NW 797, 41 LRA 258, supra, par. 6 of the syllabus said: "To make the delivery

of a deed to a third person, to be delivered to the grantee on the death of the grantor, sufficient to transfer the title, it must appear that he intended then and there to part with all control over the deed, and to leave it with the third person as the agent of the grantee; otherwise the instrument will be testamentary in character, and therefore void as a deed. But, when it is once established that an absolute delivery was intended, the fact that the grantor acquired possession of the deed, or that he destroyed it, is immaterial. After such delivery, he has no more connection with the title to the land than one who never owned it. Acts and declarations of the grantor subsequent to the time of the alleged delivery, in hostility to the deed, are incompetent as against the grantee. But acts and declarations in support thereof are admissible, because they are adverse to the interests of the only person who at the time has any interest in overthrowing such deed."

The respondent cities Perry v. Erdelt, 59 ND 741, 231 NW 888, in support of his contention that the declarations of the grantor subsequent to the execution and delivery of the deed to Scott are admissible. In that case certain declarations of a grantor after she had left a deed with a bank were to the effect that she had given the property described in the deed to her son. This court said that declarations were competent in support of the gift of the property to her son, who was the grantee named in the deed. That rule is entirely consistent with the Arnegaard case cited above. The declarations of the grantor that were held admissible were in support of the grant and in nowise derogatory thereof.

Some confusion seems to exist between the courts with regard to two rules with respect to declarations of grantors subsequent to the execution of conveyances. Where a deed has been executed and left in the possession of someone other than the grantee to be delivered after the grantor's death, and where the question at issue is whether there was a valid delivery of the instrument, subsequent declarations of the grantor are admissible to show the intention of the grantor with respect to delivery. De Cou v. Howell, 190 Cal 741, 214 P 444; Hinshaw v. Hopkins, 37 Cal App(2d) 230, 99 P(2d) 283. On the other hand, where, as in the Arnegaard case, the deed has been delivered to a third person and thus has become operative to divest the

grantor of title, subsequent declarations of the grantor tending to impeach the deed are inadmissible. The issue involved under the former rule is whether or not the grantee has parted with title and declarations of the grantor are admissible with respect to this intent to deliver the deed. Under the latter rule where the deed has been delivered and title thereunder has passed from the grantor, his declarations are not admissible, when made in the absence of the grantee, to show that the deed is something other than that which it purports to be or to impress it with a trust. Under the record before us evidence as to the grantor's declarations made subsequent to the execution and delivery of the deed not in the presence of the grantee, was erroneously admitted.

The appellant, Mae Olson, sought to testify that she never agreed with her father to convey the land in question to the plaintiff and that no conditions were attached to the deed which was given to her. An objection to her testimony was sustained upon the ground that it related to a transaction between a deceased person and a party to the action and was inadmissible under the provisions of subdivision 2 of § 7871, N. D. Comp. Laws 1913. The statute in question applies to civil actions and proceedings by or against executors, administrators, heirs at law, or next of kin in which judgment may be rendered or an order entered for or against them. In such cases neither party is allowed to testify against the other as to any transaction with or statement made by the testator or intestate unless called to testify with respect thereto by the opposite party. This court has consistently refused to extend this statute by interpretation and has confined its application to the letter thereof. St. John v. Lofland, 5 ND 140, 64 NW 930; First Nat. Bank v. Warner, 17 ND 76, 114 NW 1085, 17 Ann Cas 213; Keller v. Reichert, 49 ND 74, 189 NW 690; Miller v. First Nat. Bank, 62 ND 122, 242 NW 124. See also Wigmore, Evidence, 3d ed § 578.

The statute in question has no application to this action. The action involves no property of the estate of Alexander McDonald. While it is a suit between his son and daughter, neither appears in this action in the capacity of executor, administrator, personal representative, or heir. The subject-matter of the action is a quarter section of land,

the title to which passed from the deceased prior to his death. The issue between the parties is whether the deed is an absolute conveyance or whether it will be impressed with a trust by a court of equity for the purpose of carrying out an agreement or understanding, expressed or implied, between the grantor and the grantee for the benefit of the plaintiff.

Neither of the parties appears in this action in any capacity that brings them within the statute. It was error for the trial court to exclude the appellant's proffered testimony on the ground that it came within and was prohibited by the statute.

While this case is before us for a trial de novo the evidence erroneously excluded makes it impossible for us to determine the case on the present record. The interests of justice can best be served by directing that a new trial be had in the court below. It is so ordered.

CHRISTIANSON and BURR, JJ., concur.

BURKE and NUESSLE, JJ., concur in result.