FISCHER, Respondent, v. BUNCH, Appellant

(16 N. W.2d 541.)

(File No. 8721. Opinion filed December 9, 1944.)

**George E. Flavin** and **H. F. Fellows,** both of Rapid City, for Appellant.

**Whiting & Wilson,** of Rapid City, for Respondent.

RUDOLPH, J. The plaintiff brought this action in replevin wherein she seeks to recover the possession of certain personal property. The complaint alleges in paragraph 1 that "the plaintiff and defendant entered into an agreement by which the plaintiff agreed to purchase certain cattle and hogs through the Stockman's Commission Company of Rapid City, South Dakota and the defendant agreed to care for said cattle and hogs for the plaintiff for a share of the increase therefrom." The answer alleges that the agreement entered into between the parties was a partnership agreement. Defendant now contends that the allegations of the complaint and facts disclose that the relation of the parties was that of a partnership or joint adventure, that such partnership or joint adventure had never been terminated and that the plaintiff therefore is not entitled to the possession of the property, which it is contended is the property of the partnership or joint adventure. The trial court found adversely to the relationship as contended for in the answer and the defendant has appealed.

The complaint simply alleges that the defendant agreed to care for certain cattle and hogs for the plaintiff and in payment for such care to share in the increase therefrom. There is no allegation in the complaint of a joint enterprise or a joint undertaking. The allegation relating to the defendant sharing in the increase is properly subject of construction as an allegation of compensation for services. 40 Am. Jur. Partnership, § 45. There are the same elements of a joint business and of mutual agency in joint adventures as in partnerships. State ex rel. Crane Co. v. Stokke, 65 S. D. 207, 272 N. W. 811, 110 A. L. R 761. The complaint is devoid of any facts which would require a construction of a mutual agency or joint business existing between these parties in relation to any enterprise or undertaking. Such facts as are alleged in the complaint, in our opinion, may properly be construed to show an employment relation only, the em-

ployee to be paid a share of the increase from the cattle and hogs for his services. The testimony of the plaintiff detailed the alleged agreement between the parties and supported the trial court's finding that the relationship was one of employment, "the defendant to care for said livestock and to be compensated for his services from the proceeds of the sale of produce and increase from said livestock."

The complaint alleges, and the testimony is sufficient to sustain the finding of the trial court, that the cattle originally placed in defendant's possession by plaintiff were sold without the knowledge or consent of plaintiff, and the proceeds of such sale went to purchase the milch cows, the possession of which is now sought. Such allegation and finding of the trial court establish aconstructive trust in the property in favor of respondent, and entitles her to the possession thereof. Farmers' & Traders' Bank v. Kimball Milling Co., 1 S. D. 388, 47 N. W. 402, 36 Am. St. Rep. 739; Montgomery et al v. Kelley et al, 42 S. D. 261, 173 N. W. 741; Jaeger v. Sechser et al., 65 S. D. 38, 270 N. W. 531; Seubert v. Seubert et al., 68 S. D. 195, 299 N. W. 873.

The judgment appealed from is affirmed.

All the Judges concur.